IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DIANA KROLL | ) | BK NO. 26-90459 |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |
| | ) | |
| DANIELLE L. DAY, | ) | |
| | ) | ADVERSARY NO. 26-09013 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DIANA KROLL. | ) | |
| | ) | |
| Defendant. | ) | |

FILED
U.S. Bankruptcy Court
Central District of Illinois
10/27/2026 8:26 AM
Adrienne D. Atkins, Clerk

ANSWER

NOW COMES DIANA KROLL and in answering the complaint states:

1. Admits.

2. Admits.

3. Admits.

4. Admits.

5. The defendant lacks information to admit or deny and demands strict proof thereof.

6. Admits.

7. Admits.

8. Admits.

9. Admits.

10. Admits.

11. Admits.

12. Denies. While the plaintiff did undergo medical procedures during this time she continued to be present regularly at the business and remained active in its management and operations.

13. Denies. While part of the plaintiff's job was to assist with onboarding, mentoring, and training of newly hired estheticians, special $100 per day training sessions required explicit pre-approval by defendant.

14. Denies. Participation at the September 27, 2025 Manteno Oktoberfest event was presented to plaintiff as a voluntary opportunity. Plaintiff elected to participate knowing this.

15. Denies. As a general matter when payroll discrepancies arose they were to be brought to the attention of defendant to be reviewed and corrected as warranted. Defendant does not recall this specific discrepancy and demands strict proof thereof.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Denies.

21. Denies. The LLC's contract with the plaintiff specified that certain applicable costs of goods of the LLC would be used in calculated commission owed to contractors such as plaintiff. Denies the remaining allegations.

22. General training and mentoring were responsibilities contained within the plaintiff's contract with the LLC. Additional formal training required explicit pre-approval by the Defendant personally. Training scheduled and performed without explicit pre-approval was not compensable.

23. The defendant lacks information to admit or deny.

24. Admits.

25. Admits that plaintiff was given a final paycheck by the LLC. Denies the alleged underpayment. Denies the remaining allegations.

26. Admits that plaintiff requested certain reports. Due to non-payment of vendors certain reports became unavailable. Denies the remaining allegations.

27. Denies.

28. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

29. Admits.

30. Denies.

31. Denies.

32. The defendant lacks information to admit or deny.

33. Admits.

34. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

35. Denies.

36. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

37. Denies.

38. The defendant restates her answers to paragraphs 1-37 as if contained herein.

39. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

40. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Defendant restates her answers to paragraph 1-44 as if contained herein.

46. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

47. This paragraph contains only legal argument and no factual assertion for the defendant to admit or deny.

48. Denies.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

Wherefore the defendant prays this Court deny the relief sought by Plaintiff.

RESPECTFULLY SUBMITTED,

Diana Kroll

By: /s/ Diana Kroll
Debtor

Certificate of Service

The undersigned certifies that a copy of this pleading was served as set forth below on October 26, 2025 to the following:

By Electronic Transmission
James K. Borcia on behalf of Plaintiff Danielle L. Daly
jborcia@tresslerllp.com, chicagodocket@tresslerllp.com;cjohns@tresslerllp.com

/s/ Joe C. Pioletti